|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   | UNITED STATES DISTRICT COURT |
| 8   | WESTERN DISTRICT OF WASHINGTON |
|     | AT SEATTLE |
| 9   |     |

| GREGORY ALEXANDER, | IN ADMIRALTY & AT LAW |
| --- | --- |
| Plaintiff, | CASE NO. C19-00370-RSM |
| v. | ORDER GRANTING MOTION TO TRANSFER VENUE |
| FOSS MARITIME COMPANY LLC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Foss Maritime Company, LLC ("Foss Maritime") and HDR Marine, LLC ("HDR Marine")'s Motion to Transfer Venue, Dkt. #16. Defendants' Motion is unopposed by Plaintiff Gregory Alexander.

Plaintiff brings this personal injury action against Defendants for an alleged accident that occurred near Endicott, Alaska on or about July 29, 2017 while Plaintiff was serving as First Mate on board the tug Emmett Foss. Dkt. #1 at 1-2. Defendants Foss Maritime and HDR Marine move to transfer this case to the United States District Court for the District of Alaska, without fees or costs. Dkt. #16 at 1. Plaintiff has indicated his consent to the transfer in a filing titled "Agreed Order Transferring Venue," jointly signed by Plaintiff and Defendants Foss Maritime and HDR Marine. Dkt. #17. However, because *in rem* Defendant Emmett Foss has not entered

ORDER GRANTING MOTION TO TRANSFER VENUE - 1

an appearance in this matter, the Court cannot consider this filing a stipulated motion from all parties.

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 12-CV-05502-BHS, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498–99.

Plaintiff resides in Arizona. Dkt. #1 at 1. He filed this case in the U.S. District Court for the Western District of Washington because Plaintiff's primary treating doctors and the adjuster reside here, and because Defendant Foss Maritime has its principle office in the District. *Id.* at

ORDER GRANTING MOTION TO TRANSFER VENUE - 2

2. Plaintiff also states that, upon information and belief, the tug Emmett Foss is moored within the Western District of Washington. *Id.* at 3.

However, Defendants Foss Maritime and HDR Marine state that the tug Emmett Foss is located in Alaska, was in Alaska at the time of the alleged incident, and will remain in Alaska for the foreseeable future. Dkt. #8 at ¶ 5. They also clarify that Defendant HDR Marine was the bareboat charterer and operator of the Emmett Foss, and its principal place of business is Seward, Alaska. *Id.* at ¶¶ 3, 11. HDR Marine also employs most of the witnesses that maintained a working relationship with Plaintiff and have personal knowledge of the accident and the conditions at the accident site. Dkt. #16 at 5. Plaintiff also appears to agree to transferring this case to the District of Alaska. *See* Dkt. #17.

Based on the record before it, the Court is convinced that this case might have been brought in the District of Alaska, and that it would be more convenient to all parties involved, including the *in rem* defendant and known witnesses to the accident, for the case to proceed in that district. *See* Dkt. #16 at 3-6.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby ORDERS that Defendants' Foss Maritime and HDR Marine's Motion to Transfer Venue, Dkt. #16, is GRANTED. This matter is hereby TRANSFERRED to the United States District Court for the District of Alaska for all further proceedings.

DATED this 15 day of October, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE


ORDER GRANTING MOTION TO TRANSFER VENUE - 3